# SYLLABI

No. 19653—Michigan Automobile Insurance Co. v. John Van Buskirk. Error to the Court of Appeals of Cuyahoga County.

647. INSURANCE (Automobile)—Where there is an undisclosed chattel mortgage upon a car when policy thereon is issued containing a provision voiding it if property is mortgaged, in the absence of knowledge thereof by the agent, there was no waiver of the provision.

2. The failure of the agent of the company to make oral inquiry as to the mortgage did not absolve the insured from the duty of making a disclosure thereof.

JONES, J.

1. Waiver consists in the relinquishment of a known right. A party cannot be deemed to have waived a right based upon material facts the existence of which he did not know.

2. An insurance policy was issued insuring an automobile against loss or damage arising from collision. It contained a provision that the policy should be void if the automobile be "encumbered by any lien or mortgage without the assured having given immediate written notice of such encumbrance". At the time of issuance there was an existing chattel mortgage on the automobile, which fact neither the company nor its agent knew.

Held: The mortgage lien was material to the risk and so made by the policy contract, and, in the absence of knowledge thereof on the part of the company or its agent, there was no waiver of the provision relating to said encumbrance.

3. Said policy contained the following statement, which was made part of the policy and warranted by the assured to be true: "The automobiles herein described - - - are not mortgaged or encumbered except as follows:" No exceptions to that statement were made by the assured. Since the policy was expressly voided by the failure of the assured to give notice to the company of the existence of said chattel mortgage and since the assured had warranted said statement to be true, the failure of the agent to make oral inquiry as to encumbrances of which he had no knowledge, did not absolve the assured from the duty of making disclosure thereof.

Judgment of the Court of Appeals reversed and that of common pleas affirmed.

Marshall, CJ., Day, Kinkade and Matthias, JJ., concur.

---

## THIS WEEK'S DIGEST
### Cases Published in the Abstract

---

### 112. ATTACHMENT & GARNISHMENT.

Where it is alleged by plaintiff that defendants represented to him a document he signed was a lease; and it later proved to be a deed to said defendants, do such facts set forth in plaintiff's affidavit and petition show a debt or demand which arises upon a contract under 11819 GC., and upon which an attachment could be predicated? Bridge v. Ring et. OS. Pend. 5 Abs. 61.

### 191. BURDEN OF PROOF.

Burden of proof is upon defendant to show by a preponderance of evidence that a written contract was abrogated and a new and different oral contract substituted therefor. Sprecher v. Dwyer. OA. 5 Abs. 52.

### 208. CARE.

It is the duty of a railroad company to provide a safe place for passengers to alight; but there is no duty upon it to warn of automobiles that might be violating the rules of the road, causing injury to a passenger who is in the act of alighting or just has alighted. Cleveland Ry. Co. v. Arrison. OA. 5 Abs. 56.

### 211. CAUSES OF ACTION.

A cause of action ex delicto cannot be plead as a set-off against plaintiff's cause of action which has no relation to the set-off. Vaughn's Seed Store v. McMurray. OA. 5 Abs. 51.

### 297. CONTRACTS.

Where in an action for reasonable value of services against an administrator based on an oral contract, same is not within the statute of frauds, due to the fact that real estate is part of deceased's estate, the contract is introduced to show that the services were not gratuitous and based on family relationship. Hallen v. Welsch et. OA. 5 Abs. 53.

### 355. DAMAGES.

The court may grant a new trial when inadequate damages are returned by a jury when it is evident that the jury did not take into consideration all points applicable to the case at hand. Rognon, etc. v. Zanesville (City). OA. 5 Abs. 55.

When a decree of ejectment is rendered, it is error for a court not to allow damages for a reasonable use and rental of the property while defendant was in wrongful possession. Moser v. Bassett. OA. 5 Abs. 56.

In an endeavor to recover damages without pleading same, it is required that such damages must naturally and necessarily follow the injury and the act described in the pleading. Nash-Woodland Co. v. Lusk. OA. 5 Abs. 50.

### 445. EASEMENTS.

Injunction to restrain defendant from using a certain driveway will not be granted where the general public has acquired a definite easement in said driveway. Edwards v. A. C. Garage Co. OA. 5 Abs. 53.

### 465. ERROR.

It is not error for a trial judge to charge upon a trespasser when same is not part of pleading and the thing to be determined was an attractive nuisance. Rognon, etc. v. Zanesville (City). OA. 5 Abs. 55.

Does fact that trial judge answers certain questions of jury through his bailiff after jury retires, and not in the presence of counsel, constitute reversible error? Konigsberg v. Lamports Co. OS. Pend. 5 Abs. 62.

### 473. ESTATES.

Where testator provides that widow is to "use" property and has control thereof, is her estate liable for the amount which testator's estate has been diminished, she having been adminisratrix of her husband's estate? Moore, Admr. v. Blauser, Admr. OS. Pend. 5 Abs. 60.

### 480. EVIDENCE.

In an action to recover against an executor for services rendered deceased upon an oral contract, the executor and one who is a devisee and heir at law are not adverse parties and their testimony is not incompetent